ADOLPHO A. BIRCH, Jr., Justice,
dissenting.
It is apparent that this Court has based its finding that Mr. Brooks is willfully and voluntarily underemployed simply on the fact that he, at one time, was more lucratively employed. Simply because a parent is not as lucratively employed as during the marriage, or for a time thereafter, no automatic inference that he or she is willfully and voluntarily underemployed should be drawn. We must remain cognizant of a parents right as a citizen to the pursuit of happiness and to the freedom to make reasonable employment decisions, while at the same time heeding the duty to support.
Because of the absence of specific criteria for determining just what underemployment is for purposes of the child support statutes, I write separately in dissent in order to urge that a finding of underemployment in this case be reached only after scrutinizing the soundness of the trial courts analysis.
*409 Whether a parent is willfully and voluntarily underemployed within the meaning of Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(3)(d)(amended 1994)[1] is a matter to be determined by the trial court based upon the facts and circumstances of each case. Unfortunately, Rule 1240-2-4-.03(3)(d), fails to provide specific guidelines for determining what voluntary underemployment is. The statute merely states that this determination is evidenced by educational level and/or previous work experience.
In this case, Mr. Brooks was found willfully and voluntarily underemployed due in part to his adjusted gross annual income in 1993 and 1994 — $105,643[2] and $102,087, respectively. In addition, he realized $297,467 from the sale of the Conoco store and several transactions in real estate and timber in 1994. After the sale of the Conoco store, Mr. Brooks worked full-time on his farming operation. His goal was to raise registered Angus beef cattle with [a] genetically superior bloodline in hopes that his farm property w[ould] potentially one day be worth millions of dollars. However, he earned $18,838.57 in interest income while incurring a $12,735.19 farming expense. This brought his earning for the first six months of 1995 to $6,103.38. His 1995 tax return reveals a gross taxable income of $25,888 for the year.
Assessing willfulness and voluntariness is essentially a question of fact. The trial court has considerable discretion when determining whether a parent meets the definition of underemployed. But with that discretion, there should be some guidance as to the application of the statute in question so that it is rationally applied. I propose that the following additional factors would be helpful to trial courts who must decide whether a parent is willfully and voluntarily underemployed: (1) the prevailing wage rates in the local area for various occupations; (2) the special skills and training possessed by the parent; (3) the availability of employment for which the parent is qualified; (4) whether the underemployment represents a bona fide career change that outweighs the adverse effect of the diminished income; and (5) whether a parents underemployment is temporary and will ultimately lead to an increase in income.
In conclusion, trial and appellate courts should exercise a measure of restraint in deciding that a child-support obligor is willfully and voluntarily underemployed. In my view, the obligated parent should have the same opportunity to make reasonable employment decisions that he or she could have made if not under a child-support order. Inherent in any employment decision is a degree of risk. Risk notwithstanding, courts should be reluctant to force parents to remain in stifling employment situations or block the pursuit of more advantageous employment, whether the benefit is instantly realized or deferred. Thus, I would remand this cause to the trial court for reconsideration of this issue' consistent with the views herein expressed.

. Rule 1240-2-4-.03(d) states: "If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience.”

. This amount includes the total earnings from the Conoco store and Milan Tires which was $95,350 and $10,293 from interest income and capital gains.